**Danny Duane DOMINIC, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14689.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

Baumert & McCurtain, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, Danny Duane Dominic, hereafter referred to as defendant as he appeared in the trial court, was tried in the District Court of Pittsburg County on a charge of First Degree Manslaughter, which arose out of a three car traffic accident in the City of McAlester, Oklahoma. The jury returned a verdict finding defendant guilty of the included offense of Second Degree Manslaughter and assessed his punishment at confinement in the county jail for one year and a fine of Five Hundred Dollars, from which this appeal was lodged.

The first proposition offered by the defendant in his brief is, that it was error for the trial court to deny his demurrer to the evidence, in that there was insufficient evidence to establish that defendant was committing a crime of any sort when the accident occurred. Having carefully examined the record before the Court, we are of the opinion that defendant's proposition contains merit, and that the demurrer should have been sustained. Notwithstanding the Attorney General's contention that the circumstantial evidence is sufficient to establish defendant's guilt, we fail to find in the record anything but conjecture that this defendant was at fault. He was proceeding in his proper lane of traffic; his automobile was struck by the automobile being driven by Fields—after the Fields car struck Miss Moon's car; and there was no specific showing of fault on defendant's part. There is little doubt in the Court's mind that this defendant would not have been convicted had he not been initially charged with his co-defendant Charles Fields. Notwithstanding the excellent brief filed by the Attorney General, after a careful review of the entire record, we conclude that the essential proof offered against this defendant consisted of conjecture; and that there was not sufficient testimony to establish the required negligence to support this conviction.

It is therefore the opinion of the Court that this case should be, and the same is therefore, reversed and remanded with instructions to dismiss the charge against this defendant.

Having found that the demurrer should have been sustained, it therefore becomes unnecessary to discuss the two remaining propositions offered in defendant's brief.

Reversed and remanded with instructions to dismiss.

BUSSEY and NIX, JJ., concur.